UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID HENRY PINCKNEY,<br><br>Plaintiff,<br><br>v.<br><br>SOMERSET PROBATION C.S. ENFORCEMENT,<br><br>Defendant. | Civil Action No. 24-5681 (RK) (RLS)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon Plaintiff David Henry Pinckney's ("Plaintiff") application to proceed *in forma pauperis*, (ECF No. 1-2), together with his Complaint against Defendant Somerset Probation C.S. Enforcement ("Defendant"), (ECF No. 1). For the reasons explained below, Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and Plaintiff's Complaint is **DISMISSED** without prejudice. Plaintiff will have thirty (30) days to file any amended complaint.

**I.      BACKGROUND**

    The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915. The Court received Plaintiff's Complaint and *in forma pauperis* ("IFP") application on April 26, 2024. ("Compl.", ECF No. 1.) Plaintiff alleges that on December 5, 2023, Somerset Probation Child Support Enforcement "accepted payment against CS90473325b as instructed in the memo section of the money order." (*Id.* at 3.) Plaintiff also states that the term "Paid in Full" was a second condition in the memo section, and that the check was cashed. (*Id.*) Plaintiff claims that these conditions of the "contract"

1

were accepted, presumably having to do with Plaintiff's continued payment of child support, and that Defendant is not honoring the accepted contract. (*Id.*) Plaintiff claims that "[u]nder the threat of imprisonment," Defendant continues to require payment "against CS90473325b." (*Id.* at 4.) Plaintiff seeks for Defendant to honor the contract. (*Id.*) Plaintiff states that the basis for relief is "U.C.C. § 3-311 accord and satisfaction." (*Id.* at 2 (citing U.C.C. § 3-311 (AM. L. INST. & UNIF. L. COMM'N 1977)).) On the submitted form Complaint, Plaintiff checked the box for "Federal Questions" as the basis for the Court's subject matter jurisdiction. (*Id.*)

Along with his Complaint, Plaintiff filed an application to proceed IFP. (ECF No. 1-2.) Plaintiff states that his average monthly income is $1,000 per month from self-employment. (*Id.* at *1–2.)[1] Plaintiff states that he has less than $10 cash at any given time, with less than $5 in each of his two checking accounts. (*Id.* at *2.) Plaintiff's monthly expenses total approximately $2,100 (*Id.* at *4.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis*, which allows the plaintiff to bring a civil suit without paying a filing fee. The Court engages in a two-step analysis when considering IFP applications: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)); *West v. Cap. Police*, No. 23-1006, 2023 WL 4087093, at *2 (D.N.J. June 20, 2023) ("Once an application to proceed *in forma pauperis* has been granted, the Court is required to screen the

---

[1] Pin-cites preceded by an asterisk refer to the page numbers in the CM/ECF header.

2

complaint and dismiss the action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards.").

Section 1915(a) requires a Plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting § 1915(a)). In screening a complaint under § 1915(e), the Court may dismiss the complaint *sua sponte* "if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief." *Id.* at *1. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III. DISCUSSION

#### A. *In Forma Pauperis* Application

The Court grants Plaintiff's application to proceed *in forma pauperis*. Plaintiff's IFP application here has established his inability to pay the filing fee, as the application shows that Plaintiff's monthly expenses and available cash exceed his monthly income. (*Compare* ECF No. 1-2 at *1–2, *with id.* at *4.) The Court finds that Plaintiff has stated his inability to pay the filing fee with sufficient particularity. *See* 28 U.S.C. § 1915(a).

B.     **Review of Complaint**

Turning to a review of the Complaint, the Court finds that it lacks subject matter jurisdiction over the matter because the Complaint does not raise a federal question.

Federal courts are courts of limited, not general jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541–42 (1986). The Court may raise the issue of its own subject matter jurisdiction *sua sponte* at any time. *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*."). If a court determines at any time that it lacks subject matter jurisdiction over an action, the court must dismiss the action. *Ben-Haim v. Neeman*, 543 F. App'x 152, 154 (3d Cir. 2013) (citing Fed. R. Civ. P. 12(h)(3)). This includes when a court screens a *pro se* complaint pursuant to 28 U.S.C. § 1915(e). *See, e.g., Jackson v. Fererretti*, No. 08-5702, 2009 WL 192487, at *1 (D.N.J. Jan. 26, 2009); *Dennis v. Dicorcia*, No. 19-22240, 2021 WL 734437, at *1 (D.N.J. Feb. 25, 2021).

Federal question jurisdiction, a type of subject matter jurisdiction, exists when a plaintiff asserts a claim "arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citation omitted); *see also Trent Realty Assoc. v. First Fed. Sav. & Loan Ass'n. of Phila.*, 657 F.2d 29, 33 (3d Cir. 1981) ("The federal question must appear on the face of a well-pleaded complaint." (citation omitted)).

Plaintiff's Complaint indicates that the basis for jurisdiction is federal question jurisdiction. (Compl. at 2.) Without a federal statute or substantially-embedded federal issue, there is no federal

4

question to give the Court jurisdiction. *McVeigh,* 547 U.S. at 690. Plaintiff lists the statute at issue as U.C.C. § 3-311. (Compl. at 2.) However, even though New Jersey has adopted the Uniform Commercial Code (U.C.C.), *see* N.J. Stat. Ann. § 12A:1-101 *et seq.*, any claim brought pursuant to New Jersey's U.C.C. would arise under state rather than federal law.[2] Because this is a state law action, the Court cannot exercise federal question jurisdiction. *See Spencer v. Eristoff,* 224 F. App'x 173, 174 (3d Cir. 2007) (finding no federal question jurisdiction where allegations were confined to U.C.C. violations). The Court cannot otherwise discern, nor does Plaintiff make any attempt to state, a substantially-embedded federal issue or another plausible claim under federal law to give rise to federal question jurisdiction. Accordingly, the Court finds that it lacks subject matter jurisdiction over this case.[3]

---

[2] The Court also notes that New Jersey has adopted the U.C.C. to govern commercial transactions involving the sale and purchase of goods. *Green v. Green Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 282 (D.N.J. 2011). While the Court has trouble discerning what exactly the alleged breach of contract entails, discussed *infra* at n.3, the Court infers that it likely involves Plaintiff's obligation to make child support payments, which do not fall within the definition of "goods." *See* N.J. Stat. Ann. § 12A:2-105. Regardless, even without "goods" involved in the claim, an ordinary state law breach of contract claim would still not give this Court subject matter jurisdiction. *See Bank of Am., N.A. v. Arsenis*, No. 22-4508, 2023 WL 2572381, at *2 (D.N.J. Mar. 20, 2023) (finding that state law breach of contract claims do not raise a federal question).

[3] Even if the Court were to overcome the absent jurisdiction and screen the Complaint on a Rule 12(b)(6) standard, the Court would dismiss the Complaint on the separate grounds that it fails to state a claim. To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is factually plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Plaintiff's Complaint fails to state a claim because the Court cannot reasonably discern the factual circumstances that give rise to the claim. Plaintiff is bringing the lawsuit because Defendant is not honoring their "contract," but Plaintiff has provided little to no detail as to the conditions of the contract. (Compl. at 3.) Plaintiff does not allege basic details of the exchange, such as the amount in consideration or the terms beyond the two that Plaintiff references in the "memo section." (*Id.*) Although Plaintiff seeks for Defendant to "[f]ollow the contract accepted," the Court cannot order specific performance without knowing Defendant's end of the bargain. (*Id.*) Without more details, the Court cannot reasonably infer that there was a breach of contract.

## ORDER

For the foregoing reasons, Plaintiff's application to proceed in forma pauperis is **GRANTED**; however, his Complaint is **DISMISSED** without prejudice. Within thirty (30) days, Plaintiff may file an amended complaint, which in turn will be screened again pursuant to 28 U.S.C. § 1915(e)(2)(B).

Therefore, **IT IS** on this 11th day of July, 2024,

1. **ORDERED** that Plaintiff's application to proceed *in forma pauperis*, (ECF No. 1-2), is **GRANTED**;

2. **ORDERED** that the Complaint, (ECF No. 1), is **DISMISSED** without prejudice;

3. **ORDERED** that Plaintiff must file any amended complaint within thirty (30) days of entry of this Memorandum Order;

4. **ORDERED** that if Plaintiff chooses not to file an amended complaint, this matter will be dismissed with prejudice;

5. **ORDERED** that the summons shall not issue until any subsequent amended complaint is screened pursuant to 28 U.S.C. § 1915(e);

6. **ORDERED** that the Clerk of Court is directed to **CLOSE** this matter; and

7. **ORDERED** that the Clerk of Court shall serve on Plaintiff by regular U.S. mail this Memorandum Order to his address of record.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE